UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIAN K. BREWER and SUZANNE L. BREWER,

        Plaintiffs,

   v.

INDYMAC BANK, RESIDENTIAL MORTGAGE CAPITAL, JAMES CHAPMAN,

        Defendants.

No. 2:08-CV-01211-FCD-DAD

MEMORANDUM AND ORDER

----oo0oo----

On May 30, 2008, plaintiffs Brian K. Brewer and Suzanne L. Brewer (collectively "plaintiffs") filed a complaint for damages and injunctive relief (the "complaint") against defendants Indymac Bank, Residential Mortgage Capital ("RMC"), and James Chapman ("Chapman").  On June 16, 2008, defendants RMC and Chapman (collectively, "defendants") filed (1) a motion to dismiss plaintiff's complaint or, in the alternative, for a more definite statement; (2) a motion to strike; and (3) a motion for summary judgment or, in the alternative, for summary adjudication.  Plaintiffs oppose defendants' motions.

Because the court concludes that the complaint lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the merits of defendants' pending motions.[1]  While the complaint is fraught with conclusory statements of the law and sweeping allegations of "despicable," "arrogant," and "vile" misconduct, it lacks the necessary information to render the complaint a "short and plain statement of the claim[s]" required by Rule 8(a) and falls short of meeting Rule 8(e)'s requirement that each allegation in the complaint "be simple, concise, and direct."

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not

---

[1] Although the court does not entertain defendants' motion to dismiss on the merits, it nevertheless advises defendants that in ruling upon a motion to dismiss, the court may consider only the complaint, any exhibits thereto, and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201.  See Mir v. Little Co. Of Mary Hospital, 844 F.2d 646, 649 (9th Cir. 1988); Isuzu Motors Ltd. v. Consumers Union of United States, Inc., 12 F. Supp. 2d 1035, 1042 (C.D. Cal. 1998).

The court also notes that pursuant to Federal Rule of Civil Procedure 56(f) and relevant case law, "a party must have an adequate opportunity to develop his claims through discovery before summary judgment is appropriate." Redmond v. Burlington Northern R.R. Co. Pension Plan, 821 F.2d 461, 469 (8th Cir. 1987); see also Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986) ("Any potential problems with premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.").

Plaintiffs are also directed to consult with the Federal Rules of Civil Procedure and the Local Rules to ensure that future filings in this court are both cogent and in compliance with all applicable rules.  (See e.g., Minute Order [Docket # 20], filed Aug. 11, 2008)

>     begin to cover the expense of the judiciary) should be
>     targeted on those litigants who take the preliminary
>     steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

In this case, the court is troubled by the lack of completeness and coherent organization of the factual allegations in the complaint. Nowhere is there a clear recitation of plaintiffs' interactions with each defendant or each defendant's role with respect to the conduct at issue. Rather, the allegations in the complaint alternate between referring to plaintiff and plaintiffs, making it unclear which plaintiff was subject to the conduct or whether both plaintiffs were subject to the conduct. Plaintiffs often refer to defendants collectively without identifying the conduct of each defendant that gave rise to the specific claim for relief. The complaint also makes allusions to concepts and events that are not explained. For example, plaintiffs allege that defendant RMC brokers loans to various lenders using "table funding." (Compl., filed May 30, 2008, ¶ 11.) Plaintiffs fail to explain the conduct that term is meant to describe. Plaintiffs also allege that defendants' conduct caused their monthly payments to increase with the "net effect" of taking plaintiffs "from a settled family living the American dream to losing their home, all in that one month." (Compl. ¶ 131.) However, plaintiffs do not explain what allegedly wrongful conduct of defendants caused the increase in payments that led to this "net effect." Further, the impetus of this suit appears to be the Payment Option ARM loan that plaintiffs took out from one or more defendants. Plaintiffs,

3

1  though, fail to set forth the terms of the loan or explain how
2  such terms harmed them.  The complaint is rife with similarly
3  vague and incomplete allegations.  As such, the complaint does
4  not provide defendants with "fair notice" of the nature of the
5  claims or the "grounds" on which the claims rest.  See Bell
6  Atlantic, 127 S.Ct. at 1964-65 ("A plaintiff's obligation to
7  provide the 'grounds' of his 'entitle[ment] to relief' requires
8  more than labels and conclusions, and a formulaic recitation of
9  the elements of a cause of action will not do. . . .").
10      Moreover, the clarity of the complaint is obfuscated by
11 plaintiffs' characterization's of defendants' conduct.  For
12 example, plaintiffs allege

> Defendants are acting in a despicable manner by such scheme and have displayed gross arrogance and contempt toward consumers who attempt to exercise their lawful rights.  The complexity of such activity is so vile and so deceptive, it would make "Houdini" proud and reminiscent of the Abbott and Costello routine, "who is on first."

17 (Compl., filed May 30, 2008, ¶ 130; see also id. ¶¶ 148; 158;
18 161).  While such allegations may correctly capture plaintiffs'
19 feelings about defendants' conduct, they fail to provide any
20 assistance in setting forth the factual basis for their claims.
21 Plaintiffs' complaint also dedicates numerous allegations to pure
22 statements of law.  (See, e.g., Compl. ¶¶ 16-19; 38-41; 56-57;
23 66-75; 102).  Such argument relating to the state of the law is
24 inappropriately made in a complaint and hinders the requirement
25 of setting forth a "short and plain statement of the claim."
26 Finally, the allegations in the complaint refer to attached
27 exhibits, none of which are legible.
28 /////

4

To permit plaintiffs to proceed on the submitted complaint would seriously undermine the goal of Rule 8 in encouraging the fair and expeditious resolution of disputes.  Therefore, for the foregoing reasons, the court makes the following orders:

(1) Plaintiffs shall file and serve a first amended complaint within twenty (20) days of the date of this order, which complies with Rule 8.

(2) Defendants shall file their responses to the first amended complaint within 30 days of service thereof.

(3) Defendants' pending motions are VACATED as MOOT.

IT IS SO ORDERED.

DATED: August 13, 2008

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

5