UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

BRIAN K. BREWER and SUZANNE L. BREWER,

        Plaintiffs,

  v.

INDYMAC BANK, RESIDENTIAL MORTGAGE CAPITAL, JAMES CHAPMAN,

        Defendants.

No. 2:08-CV-01211-FCD-DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Federal Deposit Insurance Corporation's ("FDIC" or "defendant") motion to dismiss plaintiffs Brian K. Brewer and Suzanne L. Brewer's (collectively "plaintiffs") First Amended Complaint for lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3). Plaintiffs oppose the motions.[1] For the

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 78-230(h).

reasons set forth below, defendant's motion to dismiss is GRANTED.

This is a mortgage fraud action in which plaintiffs allege that Indymac Bank ("Indymac"), Residential Mortgage Capital ("RMC"), and James Chapman[2] failed to disclose the material terms of plaintiffs' loans, unlawfully obtained higher loan origination fees from plaintiffs, and transferred plaintiffs' loans through a sham transaction. (First Am. Compl. ("FAC"), filed Aug. 29, 2008.) On September 3, 2008, the FDIC filed a Notice of Receivership and Substitution of Party Defendant. (Notice, filed Sept. 3, 2008.) Specifically, the FDIC noted that on July 11, 2008, the Office of Thrift Supervision closed defendant Indymac and appointed the FDIC as the receiver thereof. (Id.) On October 2, 2008, the FDIC filed an Answer on behalf of Indymac.

"The party asserting federal jurisdiction bears the burden of proving the case is properly in federal court." In re Ford Motor Co., 264 F.3d 952, 957 (9th Cir. 2001) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)); Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). The district court may review affidavits or evidence relating to the jurisdictional issue and need not presume the truthfulness of the plaintiff's allegations.[3] Safe

---

[2] The court granted in part and denied in part defendants RMC and Chapman's motions to dismiss. (Mem. & Order, filed Mar. 16, 2009.) Subsequently, plaintiff stipulated to voluntary dismissal of all claims against these defendants with prejudice. (Stip. of Voluntary Dismissal, filed Apr. 24, 2009.)

[3] In this case, plaintiffs fail to set forth any allegations in their complaint regarding exhaustion of the
(continued...)

2

1 Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  The burden
2 then falls upon the party opposing the motion to present
3 affidavits or other evidence to establish subject matter
4 jurisdiction.  Id.

5    Under the Financial Institutions Reform, Recovery and
6 Enforcement Action of 1989 ("FIRREA"), claimants must comply with
7 a pre-lawsuit claims-filing process, which must be exhausted
8 before a lawsuit can be filed against the FDIC or against a
9 failed institution in FDIC receivership.  See 12 U.S.C. §
10 1821(d).  Pursuant to 12 U.S.C. § 1821(d)(13)(D), "no court shall
11 have jurisdiction over any claim or action for payments from . .
12 . the assets of any depository institution for which the [FDIC]
13 has been appointed receiver," unless the administrative claims
14 process has been completed.  See McCarthy v. FDIC, 348 F.3d 1075,
15 1078 (9th Cir. 2003).  This exhaustion requirement has been
16 interpreted broadly to apply to "*any* claim or action respecting
17 the assets of a failed institution for which the FDIC is
18 receiver," including those arising from post-receivership acts of
19 the FDIC.  Id. at 1081; Henderson v. Bank of England, 986 F.2d
20 319, 321 (9th Cir. 1993) ("The statute bars judicial review of
21 any non-exhausted claim, monetary or nonmonetary, which is
22 'susceptible of resolution through the claims procedure.'").

23    The statutory claims process provides that, "in any case
24 involving the liquidation or winding up of affairs of a closed
25 depository institution," the FDIC shall promptly publish notice

26
27 ─────────
       [3](...continued)
28 claims-filing process described herein.

to the institution's creditors "to present their claims, together with proof, to the receiver by a date specified in the notice." 12 U.S.C. § 1821(d)(3)(B). Upon receipt of the claim, the FDIC has up to 180 days to review the claim, and grant or deny it. 12 U.S.C. § 1821(d)(5)(A)(I).

In this case, the FDIC established October 14, 2008, as the last date for filing claims, pursuant to § 1821(d)(3)(B). By letter dated August 8, 2008, the FDIC informed plaintiffs of the need to complete and submit the enclosed Proof of Claim Form by October 14, 2008. (Ex. B to Decl. of Dianne L. Mallory ("Mallory Decl."), filed June 17, 2009.) The same letter, also dated August 8, 2008, was mailed to plaintiffs' counsel. (Ex. C to Mallory Decl.) Plaintiffs and plaintiffs' counsel were informed that failure to file a claim on or before October 14, 2008 would result in disallowance of the claim. (Exs. B & C to Mallory Decl.) Further, by letter dated September 6, 2008, counsel for the FDIC informed plaintiff's counsel that the Proof of Claim Form must be received on or before the Claims Bar Date of October 14, 2008. (Ex. E to Decl. Of Timothy B. McGinity ("McGinity Decl."), filed June 17, 2009.)

Defendant FDIC presents evidence that plaintiffs failed to submit a Proof of Claim Form prior to October 14, 2008. (Mallory Decl. ¶ 7.) By letter dated November 13, 2008, plaintiffs were notified that due to their failure to submit their materials prior to the Claim Bar Date, all further proceedings on their claims were barred. (Ex. D to Mallory Decl.)

Plaintiffs do not dispute that compliance with FIRREA's claim-filing procedure is jurisdictional in nature. Rather,

4

plaintiffs conclusorily assert in their opposition, without the support of any admissible evidence, that they completed and mailed the Proof of Claim form by use of regular mail before the Claim Bar Date. Plaintiffs contend that the FDIC's form should include a date and that defendant should have provided an envelope postmarked after the bar date. However, plaintiffs misunderstand that they have the burden of establishing jurisdiction and have failed to submit any evidence that the Proof of Claim form was timely filed.[4]

Accordingly, defendant FDIC's motion to dismiss for lack of subject matter jurisdiction is GRANTED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED: September 8, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

---

[4] The court also notes that plaintiffs concede they do "not believe that IndyMac Bank owns the loan" and that once the FDIC provides the name of the owner of the loan, "the complaint will be amended with the name of the new party and the FDIC dismissed." (Pls.' Opp'n, filed Aug. 20, 2009, at 1-2.) The court is deeply troubled by plaintiffs' blatant gamesmanship in maintaining an action against a defendant that it does not believe is the true party in interest.